UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Meleik Lamont Roach, | ) C/A No. 4:11-00356-TLW-TER |
| Plaintiff, | ) |
| vs. | ) |
| William Monckton, III., | ) Report and Recommendation |
| Defendant. | ) |

The Plaintiff, Meleik Lamont Roach (Plaintiff), proceeding *pro se*, brings this civil action alleging legal malpractice.[1] Plaintiff is an inmate at the Lee Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed for lack of jurisdiction.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

## Background

Plaintiff states that "Mr. Monckton, III. and I had an agreement for legal representation. My charge was [assault and battery of a high and aggravated nature] ABHAN and he said he would represent me for 2, 500. I paid him 2,000." ECF No. 1, page 3. After payment, Plaintiff states that he "never received any calls from [Monckton]." *Id.* Plaintiff made contact with the Defendant in 2007 and was allegedly told that "the case would be dismissed and not to worry." *Id.* In 2008, Plaintiff was arrested for armed robbery and entered a guilty plea to the offense in 2009. Plaintiff was represented by a public defender, during criminal proceedings on the armed robbery charge, who informed Plaintiff that his ABHAN charge remained pending. *Id.* Plaintiff received a fifteen year sentence for the armed robbery offense and believes "5 years were added to me because the 'abhan' case was still pending." *Id.* Plaintiff told Defendant Monckton that he wanted to go to trial on the ABHAN charge, but states that the Defendant did not appear on Plaintiff's court date. *Id.* Plaintiff states that the "neglect by William Monckton has left me and my family stressed out" and

the Defendant has failed to return Plaintiff's retainer. *Id.* at 4. Plaintiff seeks a full refund of his money and compensation "for my lawyer neglecting me and not showing up to court." *Id.* at 5. Plaintiff also seeks monetary compensation for the "additional time that ABHAN charge has caused me." *Id.*

## Discussion

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352. *See also* F. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

A plaintiff must allege the facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). *See also Dracos v. Hellenic Lines, Ltd.*, 762 F. 2d 348, 350 (4th Cir. 1985) ("plaintiffs must affirmatively plead the jurisdiction of the court"). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.] " If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc. v. City*

*of Frederick, MD.*, 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. As discussed below, the allegations contained in the instant complaint do not fall within the scope of either form of this Court's limited jurisdiction. First, there is no basis for a finding of diversity jurisdiction over this complaint. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). The instant complaint does not allege diversity jurisdiction, and Plaintiff's service document indicates that both the Plaintiff and the Defendant are residents of South Carolina. In absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, the essential allegations contained in the complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the complaint does not state a claim cognizable under this Court's "federal question" jurisdiction. Plaintiff's complaint involves a routine legal malpractice dispute. Generally, such

disputes are a matter of state law to be heard in the state courts, unless diversity of citizenship is present. *See Kapoor v. Majors*, Nos. 99-1840, 99-1881, 2000 WL 628783 (4th Cir. May 16, 2000)(affirming a district court's dismissal of a civil legal malpractice action for lack of subject matter jurisdiction). Plaintiff simply provides no facts to support any type of federal claim. As Plaintiff fails to establish federal jurisdiction over this complaint, the case is subject to summary dismissal.

Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

|  |  |
|---|---|
|  | s/Thomas E. Rogers, III |
| March 3, 2011 | Thomas E. Rogers, III. |
| Florence, South Carolina | United States Magistrate Judge |

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).